IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRUNCKHORST CO., | : | MISCELLANEOUS |
| | : | NO. 12-0217 |
| v. | : | |
| | : | |
| MICHAEL R. IHM and | : | |
| SUNSET DELI PROVISIONS, INC. and | : | |
| SOUTH SHORE DELI PROVISIONS, INC | : | |
| | : | |

## MEMORANDUM AND ORDER

Presently before me is nonparty Dietz and Watson's ("D&W") Motion To Quash Or Modify The Subpoenas Issued To Dietz and Watson and Louis J. Eni, Jr. and For a Protective Order, an opposition filed by plaintiff Frank Brunckhorst and a response in support of the motion to quash filed by D&W. For the following reasons I will transfer the motion to the United States District Court for the Southern District of California.

This motion was brought in connection with litigation currently pending in the United States District Court for the Southern District of California.[1] Plaintiff Frank Brunckhorst Co. is the national distributor for Boars Head Provisions, Co., Inc., which produces delicatessen products. D&W also produces delicatessen products. On August 19, 2011, Brunckhorst filed a complaint in the United States District Court for the Southern District of California. On September 10, 2012 Brunckhorst filed an amended complaint adding South Shore Deli Provisions, Inc. as a defendant as to all claims on a theory of successor liability. In the California action, Brunckhorst alleges that the defendants—during their relationship with Brunckhorst—began dealings with, and ultimately entered into a distributorship with,

---

[1] For a more extensive background, see the "Order Re Joint Motion for Determination of Discovery Dispute," Dkt. No. 46, Frank Brunckhorst Co., LLC v. Ihm, No. 11-1883, 2012 WL 684760 (S.D. Cal. Sept. 26, 2012).

Brunckhorst's competitor D&W. D&W is not a party to the California litigation. The Court in the California action has issued an order that directs defendants to produce documents in response to requests that are identical or substantially similar to those requested from D&W in the instant subpoena by October 12, 2012. See Dkt. No. 46, Frank Brunckhorst Co., LLC v. Ihm, No. 11-1883, 2012 WL 684760 (S.D. Cal. Sept. 26, 2012).

While I recognize that there is a division of authority on this issue, "it is within the discretion of the court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending." 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 at 79 (1995); see also Matter of Subpoenas Duces Tecum to: Schneider Nat'l Bulk Carriers, Inc., 918 F. Supp. 272, 273 (E.D. Wis. 1996) (collecting cases). I find that it is appropriate to transfer the instant motion to the United States District Court for the Southern District of California because that Court is in a superior position to decide this motion. That Court is familiar with the facts of the dispute between Brunckhorst and the defendants and the issues related to the discovery dispute in the instant motion and is thus in a better position to rule on D&W's arguments regarding the relevancy and confidentiality of plaintiffs discovery requests to D&W within the totality of circumstances surrounding this litigation. Id. at 274.

AND now, this 12th day of October 2012, it is ORDERED that this motion is TRANSFERRED to the United States District Court for the Southern District of California. The Clerk of Court is directed to take all steps necessary to effect transfer.

ENTERED

OCT 1 2 2012

CLERK OF COURT

THOMAS N. O'NEILL, JR., J.