IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRUNCKHORST CO., | : | MISCELLANEOUS |
| | : | NO.  12-0217 |
| v. | : | |
| | : | |
| MICHAEL R. IHM and | : | |
| SUNSET DELI PROVISIONS, INC. and | : | |
| SOUTH SHORE DELI PROVISIONS, INC | : | |
| | : | |
| O'NEILL, J. | | OCTOBER 18, 2012 |

## MEMORANDUM

In light of the time constraints in effect in the underlying litigation[1] and the fact that both

parties here have represented to the Court that they seek resolution of the Motion to Quash on the

merits in this Court[2], on October 17, 2012 I vacated my Order of October 12, 2012 transferring

nonparty Dietz and Watson's ("D&W's") Motion To Quash Or Modify The Subpoenas Issued

To Dietz and Watson and Louis J. Eni, Jr. and For a Protective Order to the United States

District Court for the Southern District of California.  This Memorandum further explains the

reasoning behind my decision to vacate that order and to decide the motion on the merits.

## BACKGROUND

The Motion to Quash was brought in connection with litigation currently pending in the

United States District Court for the Southern District of California.[3]  Plaintiff Frank Brunckhorst

---

[1] The deadline for the completion of fact discovery in the litigation pending in the United States District Court for the Southern District of California is November 11, 2012.  See Dkt. No. 47, ECF p. 2.

[2] See No. 12-0217 (E.D. Pa), Dkt. No. 1, ECF p. 3 and No. 12-0217 (E.D. Pa), Dkt. No. 13, ECF p. 2

[3] For a more extensive background, see the "Order Re Joint Motion for Determination of Discovery Dispute," Dkt. No. 46, Frank Brunckhorst Co., LLC v. Ihm, No. 11-1883, 2012 WL 684760 (S.D. Cal. Sept. 26, 2012).

Co. is the national distributor for Boars Head Provisions, Co., Inc., which produces delicatessen

products.  D&W also produces delicatessen products.  In the California action, Brunckhorst

alleges that the defendants—during their relationship with Brunckhorst—began dealings with,

and ultimately entered into a distributorship with, Brunckhorst's competitor D&W.  D&W is not

a party to the California litigation.  On August 19, 2011, Brunckhorst filed a complaint in the

United States District Court for the Southern District of California.  On September 12, 2011

defendants filed an answer.  On December 16, 2011 that Court issued a Scheduling Order

governing pretrial deadlines and set a fact discovery deadline of April 16, 2012.  On March 2,

2012, that Court granted a protective order governing the parties' exchange of confidential

information, and addressing the defendants' concerns about giving Brunckhorst access to

sensitive information related to defendants relationship with D&W, Brunckhorst's competitor.

See No. 11-1883 (S.D. Cal.), Dkt. No. 24.

The Court in the California litigation has issued numerous rulings regarding discovery

disputes and deadlines.  On March 9, 2012 that Court issued an Order granting a joint motion for

extension of time to file a discovery motion as to all previously issued discovery requests.  See

No. 11-1883 (S.D. Cal.), Dkt. No. 29.  On April 13, 2012 the parties filed another joint motion to

extend all pretrial deadlines by five months, asserting that they had good cause for such an

extension because "the parties had a dispute over the terms of a protective order governing

confidential information, filed a discovery motion on April 9, 2012 and 'have other discovery

issues or disputes.'"  See No. 11-1883 (S.D. Cal.), Dkt. No. 32.  While noting that "discovery

disputes are common in modern litigation and do not constitute good cause for the lengthy

extension of all pretrial dates," that Court ordered that all fact discovery be completed by July

16, 2012, stating that

> "Completed" means that all discovery under Rules 30-36 of the
> Federal Rules of Civil Procedure, and discovery subpoenas under
> Rule 45, must be initiated a sufficient period of time in advance of
> the cut-off date, **so that it may be completed** by the cut-off date. .
> . . **Absent an order of the court, no stipulation continuing or
> altering this requirement will be recognized by the court**.

Id. at 2 (emphasis in original).  On April 18, 2012 that Court issued an order denying plaintiff's

motion to compel further responses to discovery seeking, *inter alia*, documents relating to the

termination of the business relationship between the parties or "the development of [defendants']

arrangement with D&W" without prejudice because the parties failed to comply with local rules

in not conducting an adequate meet and confer.  See No. 11-1883 (S.D. Cal.), Dkt. No. 33, ECF

p. 1-2 (also noting that defendants initial disclosures did not comply with Rule 26).  On May 10,

2012 that Court issued an order granting the parties additional time to file motions to resolve any

remaining discovery matters as the defendants had failed to provide additional documents and

information as agreed to at the parties' meet and confer held on April 27, 2012, and thus the

parties were unable to determine whether another joint motion regarding discovery was

necessary.  See No. 11-1883 (S.D. Cal.), Dkt. No. 37, ECF p. 1-2.

On September 10, 2012 Brunckhorst filed an amended complaint adding South Shore

Deli Provisions, Inc. as a defendant as to all claims on a theory of successor liability.  In the

interim, between the Court's May 12 Order and the Order permitting Brunckhorst to file an

amended complaint, the parties filed three more motions requesting that the California Court

resolve discovery disputes and extend deadlines.  See No. 11-1883 (S.D. Cal.), Dkt. Nos. 38-40.

On September 26, 2012 the Court in the California action issued an order addressing the two

Joint Motions for Determination of Discovery Disputes, and directed defendants to produce

documents in response to requests that are identical or substantially similar to those requested

from D&W in the instant subpoena by October 12, 2012.  See Dkt. No. 46, Frank Brunckhorst

Co., LLC v. Ihm, No. 11-1883, 2012 WL 684760 (S.D. Cal. Sept. 26, 2012).  The September 26,

2012 Order also discussed issues of relevance, confidential and sensitive commercial

information, defendants' degrees of compliance with discovery requests, and the underlying

causes of action.  Id. at ECF p. 5-22.  On that same day, the California Court issued a second

Order regarding discovery.  The Court stated that a discovery

> "schedule may be modified only for good  cause and with the
> judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause"
> requirement of Rule 16 primarily considers the diligence of the
> party seeking the amendment.  Johnson  v. Mammoth Recreations,
> Inc., 975 F.2d 604, 609 (9th Cir. 1992).  "The district court may
> modify the pretrial schedule if it cannot reasonably be met despite
> the diligence of the party seeking the extension."  Id. (internal
> citation and quotation marks omitted).  If the party seeking the
> modification "was not diligent, the inquiry should end" and the
> motion to modify should not be granted.  Id.

See No. 11-1883 (S.D. Cal.), Dkt. No. 47, ECF p. 2.  It found that "the parties have not

established good cause for another lengthy extension of all case management dates."  Id.

However, in light of its other Order issued the same day regarding pending discovery production,

the Court extended the fact discovery deadline until November 13, 2012 "but only for the

purpose of completing depositions. The parties have had plenty of time to complete written

discovery.  Accordingly, no more written discovery requests may be served in this case without

leave of Court."  See No. 11-1883 (S.D. Cal.), Dkt. No. 47.

On or after August 14, 2012, Brunckhorst served two subpoenas seeking the deposition

testimony of D&W and D&W's President  Louis  J.  Eni, Jr.  These subpoenas were

accompanied by requests that various documents be produced in connection with the depositions.

D&W filed its Motion to Quash on August 28, 2012.

On October 12, 2012, I issued an Order in response to D&W's Motion To Quash

transferring the motion to the United States District Court for the Southern District of California.

4

See No. 12-0217 (E.D. Pa.), Dkt. No. 9.  On October 15, 2012 D&W filed a motion to stay the

transfer so that D&W could petition the Court of Appeals for a writ of mandamus.  See No. 12-

0217 (E.D. Pa.), Dkt. No. 10.  Brunckhorst filed an opposition to D&W's motion as well as its

own motion for reconsideration of my October 12 Order.  See No. 12-0217 (E.D. Pa.), Dkt. Nos.

12-13.On October 17, 2012, after receiving submissions from both D&W and Brunckhorst which

requested that I decide the motion to quash on the merits[4], I vacated the October 12 Order.  See

No. 12-0217 (E.D. Pa.), Dkt. No. 14.

   In its motion to stay, D&W argues that I "had no statutory or other authority to transfer

the Discovery motion to the California District Court."  See No. 12-0217 (E.D. Pa.), Dkt. No. 10,

ECF p. 4.  D&W contends that the reasoning in my order fails to account for "a sea change in the

law in 1998," the year in which the United States Court of Appeals for the District of Columbia

Circuit decided In re Sealed Case.  Id. at ECF p. 2.  In that case, the Court concluded that "the

idea that a district court may transfer a motion to quash a subpoena rests on a misreading of a

nonauthoritative source that relates to a different rule.  The Rules of Civil Procedure themselves

do not provide any basis for such authority, and district courts have no inherent powers to

transfer."  In re Sealed Case, 141 F.3d 337, 343 (D.C. Cir. 1998); No. 12-0217 (E.D. Pa.), Dkt.

No. 10, ECF p. 2.  D&W asserts that the Court's reasoning in In re Sealed Case, namely that a

transferee court not only would lack statutory authority to quash or enforce another court's

subpoena, but would often lack personal jurisdiction over the nonparty, is especially pertinent

here because one of the individuals Brunckhorst seeks to depose is D&W's president.  See In re

Sealed Case, 141 F.3d at 343 (D.C. Cir. 1998); No. 12-0217 (E.D. Pa.), No. 12-0217 (E.D. Pa.),

Dkt. No. 10, ECF p. 3.  D&W argues that since In re Sealed Case was decided a "virtually every

court to consider the issue has held that a District Court that issued a subpoena lacks the power to

---

[4] See Dkt. No. 1, No. 12-0217, ECF p. 3 and Dkt. No. 13, No. 12-0217, ECF p. 2

transfer a non-party's motion to quash that subpoena to the District Court in which the 'underlying action' is pending."  No. 12-0217 (E.D. Pa.), Dkt. No. 10, ECF p. 3, citing Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374, 380 (W.D. Pa. 2005)("any controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere")).  D&W requests that this Court stay the transfer for a reasonable period of time so that they may present a petition for mandamus to the Court of Appeals.

Brunckhorst argues that I should reconsider my order transferring the motion and adjudicate the merits of D&W's motion to quash.  See No. 12-0217 (E.D. Pa.), Dkt. No. 13, ECF p. 6.  Brunckhorst advances two reasons for this.  First, "the benefits to be gained from consideration of the California court's greater familiarity with the facts relevant to the underlying dispute, and of the California court's previous rulings on closely related matters, can be realized without resort to transfer."  Id. at 7.  Brunckhorst acknowledges that the California Court has more extensive and detailed knowledge of the underlying case (and thus of the appropriateness of the discovery that Brunckhorst seeks from D&W and the degree to which relevant information might be proprietary or confidential) and that it would be "appropriate for this Court, in addressing its subpoena, to have the benefit of the California's court's experience, knowledge and prior decisions on related issues" but contends that this "can be accomplished without transfer" as the California court ruled on the same averments of confidentiality at issue here.  Id. at 8.  Indeed, Brunckhorst states that "because this Court has access to the analysis of the California court with regard to the issues being raised here, it can defer to the California court without transferring the case."  Id.

Second, Brunckhorst argues that "reconsideration and vacation of the Order of October 12 would affirmatively further the ends of justice by avoiding what would otherwise be protracted collateral proceedings in district courts and courts of appeals in both this and the Ninth Circuit" causing unnecessary delay and expense and "most significantly, . . . would create a very serious risk that Brunckhorst would be denied a just adjudication of its underlying claim, citing the November 13, 2012 discovery deadline in the California action.  Id. at 7.  Brunckhorst asserts that it is quite clear that delaying the disposition of the motion would almost certainly prevent Brunckhorst from obtaining discovery within this deadline. Id. at 7-8.

Moreover, Brunckhorst submits that a transfer of the motion to the United States District Court for the Southern District of California would cause considerable difficulty for that Court because the Court of Appeals for the Ninth Circuit has held that on the basis of the clear language of Rule 45 that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena. S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir. 2011).  Brunckhorst interprets this holding to mean that the California court would likely send the matter back to this Court on the basis of that decision, and even if it did not, that D&W would petition the Court of Appeals for the Ninth Circuit to return the motion to this Court.[5]  Such delay would prevent Brunckhorst from obtaining the discovery it seeks in the first place.

_____

[5] There is no precedent from the Court of Appeals for the Third Circuit forbidding such a transfer, and I consider it unlikely that the Court of Appeals for the Ninth Circuit would so rule. I cannot say it is unlikely that D&W would not seek such a ruling.

In S.E.C. v. CMKM Diamonds, Inc., the Ninth Circuit stated that "on the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena." 656 F.3d at 832.  In that case, however, a motion to quash the subpoena at issue was filed initially in the district court where underlying litigation was pending, rather than where subpoena was filed. Id. at 829-30.  The opinion does not discuss a transfer from the issuing court to the

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure establishes the rules for subpoenas

served upon individuals and entities that are not parties to the underlying lawsuit.  See also Fed.

R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents . . .

as provided in Rule 45.").  When a nonparty receives a subpoena to which it objects, it has

several options, including: file a motion to quash or modify the subpoena pursuant to Fed. R.

Civ. P. 45(c)(3)(A), or seek a protective order pursuant to Fed. R. Civ. P. 26(c), each of which

D&W has done here.  See, e.g., Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318,

1322–23 (Fed. Cir. 1990) (outlining options).  Rule 45 states that when a person or entity objects

to a subpoena served on it, "the party serving the subpoena shall not be entitled to inspect and

copy the materials or inspect the premises except pursuant to an order of the court by which the

subpoena was issued."  Fed. R. Civ. P. 45(c)(2)(B).  Because the subpoena to D&W was issued

from this Court, D&W contends that only this Court may enforce the subpoena.  United States v.

Star Scientific, Inc., 205 F. Supp. 2d 482, 484 (D. Md. 2002). [6]

---

court hearing the underlying litigation, and so does not demonstrate the Ninth Circuit's view of
the issues in this case.  CMKM Diamonds also cites In re Digital as being consistent with its
ruling.  Id. at 832.  In In re Digital, the Court of Appeals for the Eighth Circuit held that
> while the [issuing court] initially has exclusive jurisdiction to rule
> on the objections, it may in its discretion remit the matter to the
> court in which the action is pending.  Fed. R. Civ. P. 26(c). Absent
> such a transfer, however, the [trial court] lacks jurisdiction to rule
> on [the] objections [to the subpoena].

In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991).  Such reasoning is consistent with
my views on transfer.

[6] This construction of the Rule would mean that no matter how complicated the case in
the foreign Court might be, or how long it has been going on, or what relationship exists between
the subject matter of the issues raised in the foreign Court and other similar procedural and
substantive issues in the Court in which the case is pending, it would be impossible to transfer to
that Court.  Socialist Workers Party v. Attorney General of the United States, 73 F.R.D. 699 (D.
Md. 1977).).

The language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued the subpoena. This language, however, must be read in light of the underlying purposes of the rule, which include "protect[ing] . . . persons who are required to assist the court by giving information and evidence . . . ." Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment. The practice commentaries to the rule explain that a motion to compel under Rule 45(c)(2)(B) "should, like the motion to quash or modify . . . be made to the court from which the subpoena issued," which "will presumably be a court in a district convenient to the nonparty" since it is "of course the nonparty whose convenience Rule 45 is most concerned about protecting." 3 David D. Siegel, Practice Commentaries; see also Fed. R. Civ. P. 45. Accordingly, where the nonparty indicates a preference for a forum other than the issuing court, the notes and commentary to the rule suggest that transfer, in the issuing court's discretion, would accord with Rule 45's purposes. Id., see also Fed. R. Civ. P. 1 (explaining that the overarching principle in interpreting the Federal Rules of Civil Procedure is that they "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").

A number of courts have either transferred disputes concerning nonparty subpoenas to the district possessing the underlying action or commented on the appropriateness of doing so. Stanziale v. Pepper Hamilton LLP, No. M8-85, 2007 WL 473703, at *3 (S.D.N.Y. Feb. 9, 2007); see also In re Digital Equip. Corp., 949 F.2d 228, 231 (8th Cir. 1991) (finding that court that issued deposition subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); Peterson v. Douglas Cnty. Bank & Trust Co., 940 F.2d 1389, 1391 (10th Cir. 1991) (holding that transfer of motion to quash nonparty subpoena was proper, and stating that "[t]he absence of any language in Rule 45(d) prohibiting transfer of a motion to

quash, coupled with this permissive language [in Rule 26] regarding transfer of motions for

protective orders which refers to Rule 45 deponents as well as to parties, is enough to validate

the [transfer] action . . . .") (citation omitted); U.S. v. Star Scientific., 205 F. Supp. 2d 482, 488

(D. Md. 2002) (transferring motion to compel compliance with subpoena *duces tecum* because

"materials before the court necessarily represent but one piece of a much bigger puzzle" and

"because the [district court conducting the underlying litigation] is better position[ed] to evaluate

claims of confidentiality, undue burden, and relevancy involved in this discovery dispute given

the complexity and scope of the underlying litigation); Smithkline Beecham Corp. v. Synthon

Pharm. Ltd., 210 F.R.D. 163, 169 n.7 (M.D.N.C. 2002) ( "The third-party subpoena route has the

added benefit of allowing the court in which the main litigation is pending to make the ruling.

This may be particularly appropriate when relevancy of the discovery is a significant issue. . . .

The court in which the litigation is pending will be in a better position to decide relevancy

issues."); Devlin v. Transp. Comm. Int'l Union, No. 95-0742, 2000 WL 249286, at *1 (S.D.N.Y.

Mar. 6, 2000) ("There is substantial support in the caselaw, among the commentators, and in the

Advisory Committee Note to Rule 26(c) of the Federal Rules of Civil Procedure for the

proposition that the court from which a subpoena has issued has the authority to transfer any

motion to quash or for a protective order to the court in which the action is pending.").

Rule 45's objectives, along with the interests of justice and judicial economy, strongly

favor such a transfer.  Stanziale, 2007 WL 473703, at *4.  In Stanziale, the Court collected cases

for and against the proposition that a district court may transfer Rule 45 motions and concluded

that "the greater weight of authority" authorized such a transfer.  Id.  The Court then analyzed

whether a transfer in that case would further the objectives of Rule 45 and the interests of justice

under a rubric which balanced three objectives.  First, the Court considered the burden and

expenses imposed on the nonparty imposed by such a transfer in light of Rule 45's concern for

the protection of nonparties.  Id.   Next, the Court assessed whether a transfer would fulfill the

broader objective of the Rules "'to secure the just, speedy, and inexpensive determination of

every action.'"  Id. at *5, quoting Fed. R. Civ. P. 1.  Finally, the Court considered whether the

transfer would prejudice the movant.  Id. at *6.[7]

Applying the Stanziale factors, I now conclude that the transfer should not occur.  First, I

am mindful that both D&W and Brunckhorst oppose transfer.[8]  Because Rule 45 is concerned

about protecting the nonparty, I give great weight to D&W's opposition to the transfer.  See Fed.

R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment; 3 David D. Siegel, Practice

Commentaries, Fed. R. Civ. P. 45 (It is "of course the nonparty whose convenience Rule 45 is

most concerned about protecting.").

I find however that the second factor militates strongly toward transfer, as it did in

Stanziale.  A judge who is fully familiar with the underlying litigation is in a better position to

resolve such issues than a judge in a different district with limited knowledge of the case.  As in

Stanziale, the California district court is more readily familiar with the underlying facts, has

developed an extensive record and already has had the opportunity to consider the legal issues

bound up with the discovery disputes concerning confidentiality and trade secrets.  As in

Stanziale, here too these legal issues are bound up with questions of relevance, and "courts have

found it appropriate for the court presiding over the underlying dispute to decide questions of

relevance."  Stanziale, at *5, citing Smithkline Beecham Corp. v. Synthon Pharm. Ltd, 210

---

[7] See also Air & Liquid Sys. Corp. v. Allianz Underwriters Ins. Co., No. 12-51, 2012 WL
3656418, at *2-3 (D. Conn. Aug. 23, 2012) (discussing and applying the Stanziale factors and
approving transfer to district in which underlying litigation was being conducted).

[8] See No. 12-0217 (E.D. Pa.) Dkt. No. 1, ECF p. 3 and Dkt. No. 13, ECF p. 2.

F.R.D. 163, 169 n.7 (M.D.N.C. 2002).[9]  Moreover, I am mindful of the risk of issuing a

contradictory ruling with a court better situated to address the merits of this motion.

Finally, the third factor gravitates against transfer.  Given the time constraints that the

parties are operating under in the California litigation, the interests of justice and judicial

efficiency will best be served by resolution of the motion in this Court, rather than by a stay of

the matter while awaiting a decision upon the propriety of transfer itself from the Court of

Appeals, risking that the deadline for discovery in the California action passes without such a

final disposition.

Thus I have vacated this Court's Order of October 12, 2012.

---

[9] Even if district courts are or should be limited in the occasions in which they may
transfer discovery motions, this motion could fall within that category of cases in which transfer
is appropriate. See, e.g., In re Sealed Case, 141 F.3d at 343 (Henderson, J., concurring) (stating
that a district court's power to transfer discovery disputes "should be reserved for the
extraordinary, complex case in which the transferee court is plainly better situated to resolve the
discovery dispute"); Bank of Texas v. Computer Statistics, Inc., 60 F.R.D. 43, 45–46 (S.D. Texas
1973) (transferring discovery motion in "very complicated matter" in which the court was
"hesitant to make a decision which may substantially affect the course of the main action,
without a lengthy presentation by both sides"); Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227
F.R.D. 374, 382 (W.D. Pa. 2005) ("The Court further observes that while the District Court of
South Dakota has exclusive jurisdiction to rule on subpoenas issued by that court, it may in its
discretion remit the matter to the court in which the action is pending."); Race Tires Am., Inc. v.
Hoosier Racing Tire Corp., No. 07-1294, 2008 WL 728370, at *1 (W.D. Pa. Mar. 18, 2008)
(same); In re Welding Rod Prods. Liability Litigation, 406 F. Supp. 2d 1064, 1067 (N.D. Cal.
2005) (in the MDL context, where the animating concerns are similar, the court found that
transfer served interests of justice, judicial efficiency, and consistency, especially where the
action is complex and the judge in the transferee district is"readily familiar with the underlying
issues" and "has already spent considerable time and effort coordinating the pretrial
proceedings").