IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRUNCKHORST CO., | : | MISCELLANEOUS |
| | : | NO. 12-0217 |
| v. | : | |
| | : | |
| MICHAEL R. IHM and | : | |
| SUNSET DELI PROVISIONS, INC. and | : | |
| SOUTH SHORE DELI PROVISIONS, INC | : | |
| | : | |

### **ORDER**

Upon consideration of nonparty Dietz and Watson's ("D&W") Motion To Quash Or Modify The Subpoenas Issued To Dietz and Watson and Louis J. Eni, Jr. and For a Protective Order, an opposition filed by plaintiff Frank Brunckhorst and a response in support of the motion to quash filed by D&W, it is hereby ORDERED that the motion to quash is DENIED and the motion for a protective order is GRANTED IN PART AND DENIED IN PART as follows:

1. Within 7 calendar days after the date of this Order, D&W shall produce to Brunckhorst:

   a. all documents responsive to Brunckhorst's Documents to be Produced 1-5, 7, 9-11, 14 and 15;

   b. all documents responsive to Brunckhorst's Documents to be Produced 6, 8, 12 and 13 to the extent that they concern defendants' conduct and interactions with D&W, and D&W's plans and communications about defendants; and

   c. a copy of the Compensation Agreement between D&W and defendants.

2. Brunckhorst's request for the document entitled "Confidential Dietz & Watson, Inc., Independent Distributor Policies" (the "Confidential Policy") is deemed withdrawn.

3. The Protective Order entered by the California Court on March 8, 2012 is incorporated herein.  See No. 11-1883 (S.D. Ca.), Dkt. Nos. 27.  D&W shall comply with the requests for production pursuant to paragraph 1 above in conformity with the protective order entered in that case.  Brunckhorst shall maintain and review the documents produced by D&W in conformity with that Order.

4. Within 7 calendar days after D&W complies with the requests for production pursuant to paragraph 1 above, D&W shall appear by appropriate corporate representative(s) pursuant to Federal Rule of Civil Procedure 30(b)(6) for a deposition at the office of Drinker Biddle & Reath LLP, One Logan Square, Suite 2000, Philadelphia, PA 19103, or at such other date and location as may be mutually agreed among the parties and D&W.

5. Within 7 calendar days after D&W complies with the requests for production pursuant to paragraph 1 above (but on a date different from the date of the deposition of D&W), Louis J. Eni, Jr. shall appear for a deposition at the office of Drinker Biddle & Reath LLP, One Logan Square, Suite 2000, Philadelphia, PA 19103, or at such other date and location as they may be mutually agreed among the parties and Mr. Eni.

6. At the depositions, Brunckhorst may ask and Eni and the 30(b)(6) designee shall be prepared to respond to questions about:

   i. Matters for Examination 1, 4, 5, 6, 7, 9, 11, 12, 13, 14, and 15;

   ii. Matters for Examination 2, 3, 8, 10 to the extent that the discussion is limited to defendants' conduct and interactions with D&W, and D&W's plans and communications about defendants (and not D&W's

   general policies and recruitment strategies, methods and procedures or any materials nonspecific to defendants); and

iii. the negotiation and execution of the Confidential Policy.

iv. Brunckhorst shall not inquire about the content of the Confidential Policy.


                *Thomas N. O'Neill Jr.*
                THOMAS N. O'NEILL, JR., J.